(34 Misc. Rep. 553.)

TREAT v. ULLMAN et al.

(Supreme Court, Appellate Term. April 16, 1901.)

SALES—CONTRACT—ACCEPTANCE.

Plaintiff's assignor wrote defendants relative to the latter's selling certain clothing, and stating what he would take. Defendants requested shipment, saying that they would, no doubt, obtain a satisfactory price. The clothing was forwarded, with another letter, which requested defendants to do the best they could. *Held* that, as the clothing was forwarded pursuant to defendants' letter, plaintiff's assignor must be deemed to have waived the original terms offered, and plaintiff could not recover thereon.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by Clerihew R. Treat against Lewis Ullman and another. From a judgment in favor of defendants, plaintiff appeals. Affirmed.

Argued before BISCHOFF, P. J., and CLARKE and LEVENTRITT, JJ.

Richard Curd Daniel, for appellant.

Arthur Furber, for respondents.

PER CURIAM. The judgment below should be affirmed, as no contract was entered into between the defendants and the plaintiff's assignor. On February 3, 1900, the latter writes to the defendants as to whether they could sell for him a lot of shop-worn children's suits, saying: "They ought to net us $2.00, but, rather than not sell them, would take 10% less." In reply to this, the defendants wrote: "Would advise you to ship the children's suits by express on receipt of this, and we will place them in this week's special sale, and we will no doubt obtain satisfactory prices." The suits were forwarded together, with a letter which read: "We have this day sent you by N. Y. & B. Ex. 165 suits, as we received yours in reply to ours of February 3d. Please do the best you can, and oblige," etc. It is clear from the foregoing that the tentative terms of the plaintiff's assignor were not accepted. The defendants had "no doubt" they could obtain "satisfactory prices," but did not bind themselves to realize 10 per cent. less than two dollars. The plaintiff's assignor forwarded the suits on the strength of the defendants' letter, and must be deemed to have waived their original terms by expressing a willingness to abide by the best terms the defendants could get. In any event, there was no meeting of the minds of the parties on the first proposition submitted.

Judgment affirmed, with costs.